UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**FILED**
AUG 05 2013
JUDGE PHILIP G. REINHARD
UNITED STATES DISTRICT COURT

| | |
|---|---|
| WILLIE JAMES WHITE III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09 C 50023 |
| ) | |
| JOHN EGERERE, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant, Corrections Officer John Egerere, by his attorney, William Don Emmert, Assistant State's Attorney for Winnebago County, Illinois, moves this court, pursuant to Rule 50 of the Federal Rules of Procedure, to enter judgment in his favor as a matter law with respect to Plaintiff's claim for compensatory and punitive damages, and in support thereof states as follows:

1. This is a Section 1983 Civil Rights action wherein Plaintiff alleges Defendant Egerere exerted excessive force against Plaintiff.

2. Plaintiff seeks compensatory and punitive damages against Defendant Egerere.

3. In order to prevail on his claim for compensatory damages Plaintiff must prove Defendant Egerere used unreasonable force against him. *Seventh Circuit Pattern Jury Instruction 7.08.*

4. In order to prevail on a claim for punitive damages Plaintiff must prove Defendant Egerere's "conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of

injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstance it reflects complete indifference to Plaintiff's safety or rights." *Seventh Circuit Pattern Jury Instruction 7.24.*

5. The incident which is the subject of Plaintiff's lawsuit occurred in a correctional setting. At all times relevant to this cause of action, Defendant Egerere was a corrections officer acting within the scope of his employment, and Plaintiff was an arrestee under the charge and control of Defendant Egerere.

6. As a corrections officer in the scope of his employment Defendant Egerere had the legal authority to use force to maintain order and discipline within the correctional setting. *Sanders, et al v. State of Illinois,* 2001 WL 34677728 (Ill. Ct. Cl.); *Soto v. Dickey,* 744 F.2d 1260, 1267 (7th Cir. 1984); and *Kewis v. Downey,* 581 F.3d 467, 476 (7th Cir. 2009).

7. Based on the evidence submitted at trial in this case no reasonable juror could find Defendant Egerere's actions were unreasonable under the circumstances. It is uncontested that Plaintiff had been disorderly and disobeying the corrections officers' commands to lock down. The head control maneuver used by Defendant Egerere to help control Plaintiff as he was being moved, was, under the circumstances in this case, a reasonable precaution on Defendant Egerere's part.

8. Based on the evidence submitted at trial in this case no reasonable juror could find Defendant Egerere's actions were either malicious or done in reckless disregard of Plaintiff's rights. There is no evidence to support a finding that Defendant Egerere's actions were accompanied <u>by ill will or spite</u>; nor is there any evidence to support a finding Defendant Egerere's actions were taken <u>for the purpose of</u> injuring

Plaintiff. Furthermore, there is insufficient evidence to sustain a finding that his actions reflected a <u>complete</u> indifference to Plaintiff's safety or rights.

**WHEREFORE,** Defendant Egerere moves this Court to dismiss Plaintiff's claims for compensatory damages and for punitive damages, and to enter judgment in favor of Defendant Egerere.

JOHN EGERERE -- Defendant

BY: /s/ *William Don Emmert*
William Don Emmert
Assistant State's Attorney

William Don Emmert - No. 03127076
Assistant State's Attorney
Civil Division
Courthouse Building, Suite 804
400 West State Street
Rockford, Illinois 61101
(815)319-4708
(815)319-4798 [fax]
wemmert@co.winnebago.il.us